**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Barbara Ann Thomas, individually and as next friend for John Thomas,<br>  *Plaintiffs*, | §<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 4:14-cv-2711 |
| J.J. Williams (in his individual capacity) and a presently unknown number of Houston Police Department Officers,<br>  *Defendants*. | §<br>§<br>§<br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT SITTING IN THE SOUTHERN DISTRICT OF TEXAS:

  Barbara Ann Thomas (individually and as next friend for John Thomas) ["Plaintiffs"] respectfully comes before this Honorable Court complaining that Defendants herein acted under color of state law and deprived Plaintiffs of their clearly established constitutional rights to remain free from unreasonable searches and seizures. In support thereof, Plaintiffs specifically allege the following:

### I.  NATURE OF THE ACTION

1. This suit arises under the Constitution of the United States (particularly the Fourth and Fourteenth Amendments to the Bill of Rights) and 42 U.S.C. § 1983.

### II.  SUMMARY OF THE ACTION

2. Defendant Williams and other Houston Police Department ["HPD"] Officers [collectively, "Defendant Officers"] entered Plaintiffs' home without a warrant.

3. Defendant Officers:

  a. seized Plaintiffs in their home at gunpoint without a warrant;

  b. had a warrant to enter an address that does not exist in Harris County, Texas;

  c. stayed in Plaintiffs' home for an unreasonable amount of time;

  d. acted as patently unreasonable officers when they entered Plaintiffs' home; and

  e. knowingly violated the law when they entered Plaintiffs' home.

### III.   DEMAND FOR JURY TRIAL

4.  Plaintiffs respectfully demand a trial by jury.

### IV.   PARTIES

5.  Plaintiff Barbara Ann Thomas is and was at all times relevant hereto an individual residing in the United States and a resident of Houston, Harris County, Texas.

6.  Plaintiff John Thomas is and was at all times relevant hereto an individual residing in the United States and a resident of Houston, Harris County, Texas.   He is both the adult son of Plaintiff Barbara Ann Thomas and the ward thereof.

7.  Defendant J.J. Williams ["Defendant Williams"] is and was at all times relevant hereto an individual residing in the United States and is being sued in his individual capacity as a peace officer with the Houston Police Department.  He may be served at 1200 Travis Street, Houston, Texas, 77002.

8.  A presently unknown number of Houston Police Department Officers are and were at all times relevant hereto individuals residing in the United States and are being sued in their individual capacities as peace officers with the Houston Police Department.  They will each be served with a Summons as required by this Court after discovery has revealed their individual identities; however, a courtesy copy of this Complaint may also be served on Houston Police Department Chief Charles McClelland at 1200 Travis Street, Houston, Texas, 77002.

### V.   JURISDICTION AND VENUE

9.  This Court has jurisdiction to hear the merits of Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1343(a) (3) and (4) because Plaintiffs' suit arises under 42 U.S.C. § 1983.

10. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of Texas, Houston Division.

11. All conditions precedent have been performed or have occurred.

## VI.    <u>FACTS</u>

12. On May 21, 2014, Plaintiffs resided at 5816 Hirsch Road, Houston, Texas, 77026.

13. On May 21, 2014 Defendant Williams signed an affidavit for a search warrant.

14. In that affidavit, Defendant Williams swore:

    a.  that he utilized a confidential informant ["C.I."] to purchase drugs from 5818 Hirsch;

    b.  that he personally "observed the C.I. go to, and return directly from, the listed location [5818 Hirsch]";

    c.  "The numbers 5-8-1-8 are clearly posted by the front door of the duplex.";

    d.  "The C.I. advised [Defendant Williams] that while the C.I. was at the residence [5818 Hirsch], the C.I. purchased the Cocaine from the listed suspect ['Little Black'].";

    e.  that he had reason to believe and did believe drugs could be found within 5818 Hirsch; and

    f.  that he had reason to believe and did believe a surveillance system would be found in 5818 Hirsch.

15. Neither Defendant Williams' affidavit nor the search warrant included a picture of the residence to be searched.

16. The 208th District Court sitting in and for Harris County, Texas signed a search warrant based upon Defendant Williams' affidavit.

17. Said search warrant states:

    a.  peace officers were commanded to search 5818 Hirsch;

    b.  "The duplexes located in the 5800 block of Hirsch all have a separate address for each front door.";

    c.  "The duplex door marked '5818' sits on the east side of Hirsch and the front of the residence faces west."; and

    d.  "The numbers 5-8-1-8 are clearly posted by the front door of the duplex."

18. On May 21, 2014, Defendant Officers:

    a.  did not have a warrant to enter Plaintiffs' residence at 5816 Hirsch Road;

    b.  had a warrant to enter 5818 Hirsch Road;

    c.  failed to locate 5818 Hirsch Road;

d.  knew (or should have known) 5818 Hirsch Road did not exist;

e.  knew (or should have known) they had a warrant for an address that did not exist;

f.  were in actual possession of a map personally drawn by HPD personnel after receiving a tip from neighbors residing in the same complex as Plaintiffs;

g.  had a map that illustrated the residence they were supposed to enter;

h.  knew (or should have known) from the map that the address they were supposed to enter was not 5816 Hirsch Road;

i.  knew (or should have known) from the map that they were supposed to enter the address adjacent to Plaintiffs' home;

j.  knew (or should have known) that they had a warrant for an address that did not exist;

k.  knew (or should have known) that Plaintiffs' address would be located above their front door;

l.  saw (or should have seen) Plaintiffs' address clearly posted above their front door during daylight hours;

m.  saw (or should have seen) Plaintiffs' address clearly posted on the mailbox outside their front door during daylight hours;

n.  saw (or should have seen) Plaintiffs' address on the trashcan outside their home during daylight hours;

o.  consciously ignored the fact that the warrant did not identify Plaintiffs' residence as the place to be searched;

p.  affirmatively decided to execute a search of 5816 Hirsch Road despite knowing they lacked a warrant therefor;

q.  affirmatively decided to execute a no knock search of 5816 Hirsch Road despite knowing they lacked a warrant therefor;

r.  forcibly entered Plaintiffs' locked front door at approximately 6:30 p.m.;

s.  found Plaintiffs therein huddled together in fear on the couch;

t.  seized Plaintiffs at gunpoint (at least three Defendants);

u.  admitted to Plaintiff Barbara Thomas that they were in the wrong house within approximately five minutes;

v.  detained Plaintiffs for approximately half an hour;

    w.  accused Plaintiffs of having drugs in their home;

    x.  performed an extensive search of Plaintiffs' home (at least two Defendants);

    y.  caused damage to Plaintiffs' personal property in their home; and

    z.  rendered the locking mechanism on Plaintiffs' front door completely inoperable.

19. Additionally and/or alternatively, Defendant Officers must have:

    a.  known 5818 Hirsch Road did not exist;

    b.  known they had a warrant for an address that did not exist;

    c.  known from the map that the address they were supposed to enter was not 5816 Hirsch Road**;**

    d.  known from the map that they were supposed to enter the address adjacent to Plaintiffs' home

    e.  known that they had a warrant for an address that did not exist;

    f.  known that Plaintiffs' address would be located above their front door;

    g.  seen Plaintiffs' address clearly posted above their front door during daylight hours;

    h.  seen Plaintiffs' address clearly posted on the mailbox outside their front door during daylight hours; and

    i.  seen Plaintiffs' address on the trashcan outside their home during daylight hours.

20. Defendants have failed to repair Plaintiffs' front door.

21. Defendants have refused to repair Plaintiffs' front door.

22. Plaintiffs' home is approximately 700 square feet.

23. Defendant Officers' entry into Plaintiffs' home caused Plaintiffs property damage and mental anguish.

24. Plaintiffs' mental anguish was exacerbated by the fact that Plaintiff John Thomas had been previously:

    a.  diagnosed as having special mental health needs;

    b.  arrested by HPD without probable cause or reasonable suspicion; and

    c.  diagnosed with Post-Traumatic Stress Disorder as a result of his previous and wrongful arrest by HPD.

25. Defendant Officers did not read the warrant before entering Plaintiffs' home.

26. Alternatively, Defendant Officers read the warrant before entering Plaintiffs' home.

27. Reading a search warrant is a basic step that all officers must perform before executing a search based thereon.

28. Defendant Williams:

    a. took no reasonable precautionary measures to ensure that the address he described in his affidavit was correct;

    b. did not watch a confidential informant go to 5818 Hirsch;

    c. falsely swore he watched a confidential informant go to 5818 Hirsch;

    d. falsely swore that a confidential informant said he purchased drugs from 5818 Hirsch;

    e. did not go to 5818 Hirsch before signing his sworn affidavit;

    f. did not go to 5816 Hirsch before signing his sworn affidavit;

    g. did not go to 5818 Hirsch before executing his search of Plaintiffs' residence;

    h. did not go to 5816 Hirsch before executing a search therein;

    i. took no pictures of 5818 Hirsch before executing a search of Plaintiffs' residence;

    j. took no pictures of 5816 Hirsch before executing a search therein.

29. Additionally, Defendant Officers:

    a. took no precautionary measures to ensure that they were entering the address described in the warrant;

    b. had no probable cause to believe any crime was occurring inside Plaintiffs' home;

    c. made no personal observations of any illegal activity at Plaintiffs' home;

    d. had no Constitutionally acceptable reason to enter Plaintiffs' home;

    e. realized they entered the wrong address approximately five minutes after entering Plaintiffs' home;

    f. admitted to Plaintiff Barbara Thomas that they had entered the wrong address approximately five minutes after entry into her home;

    g. continued searching Plaintiffs' home for at least five minutes after they realized they entered the wrong residence;

    h. stayed in Plaintiffs' home approximately 20-25 minutes after realizing it was not the address described in the warrant; and

    i. left Plaintiffs' home at approximately 7:05 p.m.

30. After admitting Defendant Officers had entered the wrong address, one of them (whose name is presently unknown) told Plaintiff Barbara Thomas at approximately 6:45 p.m. that one of her friends had keys to her home and had been selling drugs therefrom while she was gone.

31. Said Defendant Officer's allegation that an unknown person must be selling drugs from Plaintiffs' home was a complete fabrication without a scintilla of support.

32. At the time Defendant Officers entered Plaintiffs' home, Plaintiffs were:

    a.  unarmed;

    b.  not engaged in any illegal activity; and

    c.  not threatening the officers in any manner.

33. Defendant Officers told Plaintiff Barbara Thomas that she would need to fix the door hinges because they could not fix it themselves.

34. Plaintiff Barbara Thomas has made a good faith attempt to repair her front door but has been unable to do so.

35. 5818 Hirsch Road does not exist in Houston, Texas.

## VII.   CAUSES OF ACTION

## COUNTS 1 and 2 – 42 U.S.C. § 1983

**Plaintiffs each individually allege Defendant Officers violated their clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to remain free from unreasonable searches of their home**

36. The forgoing paragraphs are incorporated herein as if quoted verbatim.

37. In addition to the foregoing, Defendant Officers:

    a.  entered Plaintiffs' home without any exception to the warrant requirement;

    b.  affirmatively chose to enter Plaintiffs' home despite their actual, subjective, and constructive knowledge that they did not have a warrant therefor;

    c.  affirmatively chose to enter Plaintiffs' home despite their actual, subjective, and constructive knowledge that the map in their possession literally illustrated that the residence they sought was not Plaintiffs';

    d.  broke Plaintiffs' personal possessions in an unreasonable manner during their Constitutionally impermissible search of their home; and

7

     e.  remained in Plaintiffs' home for an unreasonable amount of time after realizing and admitting they had entered the wrong address.

38. Based upon the foregoing, at least some Defendant Officers realized Plaintiffs' address was not the address described in the warrant and intentionally entered the wrong home.

39. Additionally and/or alternatively:

     a.  at least some Defendant Officers were plainly incompetent when they entered Plaintiffs' home;

     b.  Defendant Williams was plainly incompetent when he swore that he personally watched a C.I. buy drugs from an address that does not exist; and

     c.  Defendant Williams knowingly violated the law when he swore that he personally watched a C.I. buy drugs from an address that does not exist.

40. On May 21, 2014, Plaintiffs' constitutional rights to have their home remain free from unreasonable searches under color of law were:

     a.  secured to them by the Fourth and Fourteenth Amendments to the United States Constitution;

     b.  violated by Defendant Officers; and

     c.  clearly established within both the Fifth Circuit and the Southern District of Texas.

41. Defendant Officers' entry into Plaintiffs' home:

     a.  were presumptively unconstitutional because they were effectuated without a warrant;

     b.  were plainly incompetent;

     c.  knowingly violated the law;

     d.  intentionally violated the law;

     e.  were based upon unreasonably mistaken beliefs;

     f.  were objectively unreasonable under the circumstances;

     g.  were performed despite actual or constructive knowledge that there was an obvious risk that entering an address that was not listed in a search warrant would result in the deprivations of someone's civil rights under color of law;

     h.  were performed while knowingly disregarding the obvious risk to Plaintiffs' civil rights; and

      i.  evidence an unreasonable misunderstanding of their respective powers and responsibilities.

42. Additionally, Defendant Williams' acquisition of a search warrant for an address that did not exist:

      a.  was plainly incompetent;

      b.  was based upon unreasonably mistaken beliefs;

      c.  was objectively unreasonable under the circumstances;

      d.  was completed despite his actual or constructive knowledge that falsely swearing he watched a C.I. enter a particular address (which does not exist) created an obvious risk that an imminent search based thereon would result in the deprivations of Plaintiffs' civil rights under color of law;

      e.  was performed while knowingly disregarding the obvious risk to Plaintiffs' civil rights; and

      f.  evidences an unreasonable misunderstanding of his powers and responsibilities.

43. On May 21, 2014, all reasonable peace officers would have known that:

      a.  entering the People's homes without a warrant was presumptively unconstitutional;

      b.  law enforcement officers required a warrant before entering the People's homes under color of law;

      c.  Plaintiffs had a clearly established right to remain free from an unreasonable search of their home as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

      d.  Plaintiffs' address was 5816 Hirsch Road;

      e.  no warrant had been issued to search 5816 Hirsch Road;

      f.  the warrant in Defendants' possession was for 5818 Hirsch Road;

      g.  5816 Hirsch Road is not 5818 Hirsch Road;

      h.  they lacked even a scintilla of authority to enter Plaintiffs' home;

      i.  it was necessary to check Plaintiffs' address against the warrant;

      j.  it was necessary to check Plaintiffs' address against a map in their possession;

      k.  it was necessary to read the warrant;

l.   reading the warrant would have plainly revealed that, "The duplexes located in the 5800 block of Hirsch all have a separate address for each front door.";

m.   reading the warrant would have plainly revealed that, "The numbers 5-8-1-8 are clearly posted by the front door of the duplex.";

n.   the address above Plaintiffs' door was a reasonable indication that it was not the residence described in the warrant;

o.   the address on Plaintiffs' mailbox was a reasonable indication that it was not the residence described in the warrant;

p.   the address on the trashcan outside of Plaintiffs' residence was a reasonable indication that it was not the residence described in the warrant;

q.   the addresses on the houses surrounding Plaintiffs' residence provided a reasonable indication that Plaintiffs' residence was not 5818 Hirsch Road;

r.   they did not have any constitutionally recognized justification to enter Plaintiffs' home;

s.   Defendant Officers' entry into 5816 Hirsch Road under the circumstances was patently unreasonable;

t.   Defendant Officers' entry into 5816 Hirsch Road under the circumstances was a knowing violation of the law;

u.   it is necessary to exercise reasonable diligence when swearing out a search warrant affidavit;

v.   Officer Williams unreasonably failed to exercise reasonable diligence when he swore that he watched a confidential informant purchase drugs from a house that does not exist;

w.   they did not have any colorable right to destroy Plaintiffs' personal property;

x.   they should have departed Plaintiffs' home within a reasonable period of time after learning that they entered the wrong home under color of law;

y.   Defendant Officers did not leave Plaintiffs' home within a reasonable period of time after learning that they entered the wrong home under color of law; and

z.   in the absence of any relevant information from any source, Defendant Officers' attempts to stay in Plaintiffs' home with an explanation that an unknown person

must have been selling drugs in Plaintiffs' home while she was away therefrom was facially absurd.

44. Based on the specific facts stated above, Defendant Officers' conduct during the initial warrantless entry into Plaintiff's home was unconstitutionally unreasonable.

45. Defendant Officers' conduct was the moving force behind Plaintiffs' injuries.

46. Plaintiffs seek punitive damages against Defendant Williams because he:

    a.  knew he lacked probable cause to acquire a warrant for a home that does not exist;

    b.  acted with conscious indifference to Plaintiffs' rights when he acquired a warrant to enter their home based upon plainly erroneous and unsupported information;

    c.  acted with conscious indifference to Plaintiffs' rights when he failed to take any reasonable precautions to ensure that he entered the correct home under color of law;

    d.  acted with conscious indifference to Plaintiffs' rights when he led a search of their home despite personally swearing under oath that the address he intended to search was 5818 Hirsch;

    e.  acted with reckless or callous indifference to Plaintiffs' federally protected rights; and/or

    f.  recklessly trampled on Plaintiffs' clearly established constitutional rights through plainly unlawful conduct.

47. Plaintiffs seek punitive damages against Defendant Officers because they:

    a.  knew they lacked both a warrant and probable cause to enter Plaintiffs' home;

    b.  acted with conscious indifference to the possibility that they lacked a constitutionally acceptable cause to enter Plaintiffs' home;

    c.  acted with reckless or callous indifference to Plaintiffs' federally protected rights;

    d.  acted with deliberate indifference to the likelihood that they would violate Plaintiffs' constitutional rights by entering their home without a warrant; and/or

    e.  recklessly trampled on Plaintiffs' clearly established constitutional rights through plainly unlawful conduct.

48. Additionally and/or alternatively, Plaintiffs seek punitive damages because Defendant Officers' conduct was grossly negligent.

## COUNTS 3 and 4 – 42 U.S.C. § 1983

## Plaintiffs each individually allege Defendant Officers violated their clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to remain free from unreasonable seizures

49. The forgoing paragraphs are incorporated herein as if quoted verbatim.

50. Defendant Officers unconstitutionally seized Plaintiffs inside their home.

51. Defendant Officers continued to seize Plaintiffs inside their home for an unreasonable period of time in violation of the Constitution, even after establishing that:

    a. Defendant Officers effectuated the warrant on the wrong house;

    b. There was no reasonable suspicion to believe that Plaintiffs were engaged in any criminal activity;

    c. Plaintiffs were unarmed; and

    d. Plaintiffs were not presenting any threat to Defendant Officers.

52. On May 21, 2014, Plaintiffs' constitutional rights to remain free from unreasonable seizures inside their home were:

    a. secured to them by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. violated by Defendant Officers; and

    c. clearly established within both the Fifth Circuit and the Southern District of Texas.

53. Defendant Officers' seizures of Plaintiffs inside their home:

    a. were plainly incompetent;

    b. knowingly violated the law;

    c. intentionally violated the law;

    d. was based upon unreasonably mistaken beliefs;

    e. were objectively unreasonable under the circumstances;

    f. were performed despite actual or constructive knowledge that entering 5816 Hirsch created an obvious risk that Plaintiffs would be deprived of their civil rights under color of law;

    g. were performed while knowingly disregarding the obvious risk to Plaintiffs' civil rights; and

    h.  evidence an unreasonable misunderstanding of their respective powers and responsibilities.

54. In addition to the foregoing reasonable officer standards contained in Counts 1 and 2 (*supra*), all reasonable peace officers would have also known on May 21, 2014 that:

    a.  law enforcement officers required a warrant before seizing Plaintiffs inside their home under color of law;

    b.  Plaintiffs had a clearly established right to remain free from unreasonable seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    c.  Defendant Officers did not have any constitutionally recognized justification to seize Plaintiffs inside their home;

    d.  Defendant Officers did not have any constitutionally recognized justification to continue seizing Plaintiffs inside their home after learning they had entered the wrong house;

    e.  Defendant Officers' seizure of Plaintiffs inside their home was patently unreasonable;

    f.  it was patently unreasonable to continue seizing Plaintiffs in their own home after Defendant Officers established Plaintiffs were unarmed;

    g.  it was patently unreasonable to continue seizing Plaintiffs in their own home after Defendant Officers established Plaintiffs were not a threat thereto;

    h.  it was patently unreasonable to continue seizing Plaintiffs in their own home after Defendant Officers established Plaintiffs were not engaged in any criminal activity; and

    i.  Defendant Officers' seizure of Plaintiffs inside their home was a knowing violation of the law.

55. Defendants' conduct was the moving force behind Plaintiffs' injuries.

56. Plaintiffs seek punitive damages against Defendant Officers because they:

    a.  knew they lacked both a warrant and probable cause to enter Plaintiffs' home;

    b.  acted with conscious indifference to the possibility that they lacked both a warrant and probable cause to enter Plaintiffs' home;

    c.  acted with reckless or callous indifference to Plaintiffs' federally protected rights;

   d.   acted with deliberate indifference to the likelihood that they would violate Plaintiffs' constitutional rights by seizing them in their home without a warrant or reasonable suspicion; and/or

   e.   recklessly trampled on Plaintiffs' clearly established constitutional rights through plainly unlawful conduct.

57. Additionally and/or alternatively, Plaintiffs seek punitive damages because Defendants' conduct was grossly negligent.

## VIII.   DAMAGES

58. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered injuries and damages.

59. Plaintiffs therefore seek compensatory damages (including actual damages, legal fees, and mental distress damages), presumed damages, nominal damages, and punitive damages.

## IX.   ATTORNEY FEES

60. Upon prevailing in this matter, Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. § 1988.

## X.   PRAYER

61. For these reasons, Plaintiffs ask for judgment against Defendants for the following:

   (a)   actual damages;

   (b)   emotional distress damages;

   (c)   mental distress damages;

   (d)   punitive damages;

   (e)   presumed damages;

   (f)   nominal damages;

   (g)   reasonable attorney fees;

   (h)   costs of suit; and

   (i)   all other relief to which Plaintiffs may show themselves entitled, both at law and in equity.

`

Respectfully submitted,


By: /s/ Meagan Hassan
Meagan Hassan
Lead Attorney
Texas Bar No. 24065385
So. Dist. Texas No. 1261057
Email: meagan.hassan@demondhassan.com

William Pieratt Demond
Texas Bar No. 24058931
So. Dist. Texas No. 1108750
Email: william.demond@demondhassan.com

DEMOND & HASSAN, PLLC
2450 Louisiana St., Suite 400-528
Houston, Texas 77006
Tel: 713.701.5240
Fax: 713.588.8407

ATTORNEYS FOR PLAINTIFFS