Case 4:14-cv-02711   Document 133   Filed in TXSD on 06/24/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 28, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA ANN THOMAS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2711 |
| | § | |
| J.J. WILLIAMS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court are Defendants' Objections and Motion for Reconsideration and Modification of the Magistrate's Order of November 9, 2015 (Document No. 101), and Plaintiff's Response thereto (Document No. 104). Having considered these filings, the facts in the record, and the applicable law, the Court concludes that Defendants' Motion is DENIED and their objections are OVERRULED.

Background

Defendants object to the Magistrate Judge's Order, which struck the report of Ted Wilson, the affidavit of Lt. Waterwall, and portions of Defendant Williams' affidavit. (Document No. 96 at 1). As explained in the Order, "this is a Fourth Amendment civil rights case arising out of a search of Plaintiff's residence. Plaintiff alleges that her Fourth Amendment rights were violated when Defendant Officer J.J. Williams entered her residence with a search warrant for a different address, searched her residence knowing that it was not the address on the search warrant, and seized and/or detained Plaintiff for an unreasonable amount of time." *Id*. at 2.

On March 31, 2016 this Court granted Defendant Williams' Motion for Summary Judgment, finding that he is entitled to qualified immunity on Plaintiffs' claims. (Document No.

125). However, claims against the other Defendants are still pending.

Defendants style their Motion as a motion for reconsideration, however, in their "Standard of Review" section, Defendants only refer to objections to the Magistrate Judge's Order, and do not mention a motion for reconsideration or the applicable standard of review. Therefore the Court will consider Defendants' arguments as objections.

Standard of Review

> Rule 72(a) states that:
>
> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72. *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). Therefore this Court will apply a "clearly erroneous" standard when reviewing the Magistrate Judge's Order. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).

Discussion

*Wilson Report*

The Court agrees that Wilson's Report should be stricken from the record in its entirety. Wilson's report contains his "legal opinions and conclusions about: (1) whether Defendant Williams made a 'materially' false statement in the affidavit he filed to obtain the search warrant; (2) whether the search warrant was 'valid'; (3) whether Williams remained in Plaintiff's residence for an 'unreasonable' amount of time following his determination that the address on the search warrant was incorrect; and whether Williams acted 'reasonably.'" (Document No. 96

at 3). The Court agrees with the Magistrate Judge that these opinions are not admissible, because they offer a legal conclusion on each of the above matters *in this case,* essentially telling the jury which result to reach. *Id*. (citing cases). The Court also agrees that Wilson's statements describing Fourth Amendment law are not helpful, and that "it is for the Court at the summary judgment stage to both determine the applicable law, [and] apply that law to the uncontested and undisputed facts in the case." *Id*. at 4.

*Waterwall Affidavit*

The Court agrees that Waterwall's affidavit should be stricken from the record in its entirety. As explained by the Magistrate Judge, Waterwall was not involved in this case, and therefore does not have the requisite personal knowledge to summarize the facts. *Id*. at 4-5. Furthermore, his opinions on key legal issues in the case are inadmissible for the same reason that Wilson's opinions are inadmissible. *Id*. Finally, Waterwall's affidavit provides no evidence that he is qualified to provide expert opinions regarding the reasonableness of a hypothetical officer's actions. *Id*.

*Williams Affidavit*

The Magistrate Judge also excluded a small portion of Williams' affidavit, which contained "legal conclusions and his lay opinion testimony as to the reasonableness of his conduct," which are inadmissible for the same reasons as described above. The Court also agrees with this ruling.

Conclusion

Defendants' objections to the Magistrate Judge's Order are OVERRULED and their Motion (Document No. 101) is DENIED.

SIGNED at Houston, Texas, this 24th day of June, 2016.

                                            MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE