Case 4:14-cv-02711   Document 144   Filed in TXSD on 10/18/16   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA ANN THOMAS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2711 |
| | § | |
| J.J. WILLIAMS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court is Plaintiffs' Motion for Reconsideration (Document No. 130), Defendants' Response (Document No. 131), and Plaintiffs' Reply (Document No. 132). After considering these documents, the facts in the record, and the applicable law, the Court finds that Plaintiffs' Motion for Reconsideration (Document No. 130) is DENIED.

**Background**

The facts of this case are laid out fully in the Court's April 1, 2016 Order. (Document No. 125). In that Order the Court granted Defendant J.J. Williams' ("Williams") Motion for Summary Judgment regarding Plaintiffs' fourth and fourteenth amendment claims, because the Court found that Williams was entitled to qualified immunity on those claims. Plaintiffs then filed a Motion for Reconsideration of that Order. (Document No. 130).

**Standard of Review**

Although the Federal Rules of Civil Procedure do not specifically provide for a "motion for reconsideration," a motion denominated as such that challenges a prior judgment on the merits is treated as either a "motion to alter or amend a judgment" under Rule 59(e) or a motion "for relief from a final judgment" under Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works,*

*Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). "Under which Rule the motion falls turns on the time at which the motion is filed. If the motion is filed no later than [28] days [after] the rendition of judgment, the motion falls under Rule 59(e); if it is filed after that time, it falls under Rule 60(b)." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (alterations omitted) (quoting *Lavespere*, 910 F.2d at 173).[1] "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010) (alterations and internal quotation marks omitted) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) new evidence not previously available; 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice." *United States v. Saldivar*, No. 2:03-CR-182-2, 2014 WL 357313, at *1 (S.D. Tex. Jan. 31, 2014).[2]

**Discussion**

Plaintiffs argue that: (1) the Court erroneously defined "listed location," (2) the Court erroneously relied upon Defendant's state of mind, (3) the Court erroneously concluded that Plaintiffs did not instruct Williams to leave their home, (4) Plaintiff did instruct Williams to leave, (5) the Court erroneously admitted hearsay, (6) the Court erroneously decided Williams is entitled to summary judgment based on his intention, (7) the Court erroneously granted summary judgment based upon an improper conclusion that a fact was unlikely, and (8) *Fifty-six*

---

[1] Therefore this Motion will be considered under Rule 59(e).
[2] With the exception of Plaintiffs' third argument, Plaintiffs clearly fail to meet this standard in their Motion, and do not show new evidence, a change in law, or manifest injustice. However, the Court will briefly address each of their arguments.

*Thousand, Seven Hundred Dollars in U.S. Currency v. State* and *Guzman v. State* are distinguished. (Document No. 130). The Court will consider each argument in turn.

    (1) Listed location

Plaintiffs again raise their argument that the City of Houston's 30(b)(6) representative's testimony that he interpreted "listed location" to mean "5818 Hirsch" creates a fact issue as to whether Williams intentionally or recklessly included a misstatement in his affidavit. *Id*. at 2. However, the fact that there is another possible interpretation of the affidavit does not demonstrate that the affidavit was knowingly or recklessly false; it does not show that Williams knew that any of his statements were false, nor does it show that he "in fact entertained serious doubts as to the truth" of his statements. (Document No. 125 at 11) (citing *Hart v. O'Brien*, 127 F.3d 424, 449 (5th Cir. 1997)). Plaintiffs' argument fails.

    (2) State of mind

Plaintiffs claim that the Court's consideration of Williams' subjective intent was inappropriate. (Document No. 130 at 3). However, the portion of the Opinion which is objected to discusses whether or not Williams intentionally or recklessly included material misstatements or omissions in his affidavit to the magistrate judge, who issued the warrant for Plaintiffs' residence. This inquiry must include consideration of what Williams knew and did. As explained in *Winfrey*,

> We recognize that the subjective motive of an officer executing a facially valid warrant generally is not an appropriate inquiry. [Plaintiff], however, alleges that the affidavits were knowingly or recklessly false. Our inquiry, then, necessarily must consider what the officers knew and did in evaluating whether it was objectively reasonable for them to believe that their conduct was lawful.

*Winfrey v. San Jacinto Cty.*, 481 F. App'x 969, 981 at n.9 (5th Cir. 2012) (internal citations omitted). The Court therefore correctly considered what Williams knew and did in its

determination that he acted in an objectively reasonable way. Plaintiffs' argument fails.

(3) Whether Plaintiffs instructed Williams to leave their home

Plaintiffs argue that the Court misapplied the summary judgment standard, stating that: "Defendant was incapable of meeting his burden to show Plaintiffs did not instruct him to leave their residence because he unilaterally elected to refrain from both (1) deposing Plaintiff and (2) arguing that Plaintiffs did not instruct him to leave. Plaintiffs had no burden to dispute facts never raised by Defendants." (Document No. 130 at 4).

First, the Court believes that Plaintiffs have misstated their burden here. It is Plaintiffs who were required to rebut the qualified immunity defense "by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). Regardless, though, the Court will strike its statement that "Plaintiffs offer no evidence that either Ms. Thomas or her son asked Williams to leave." (Document No. 125 at 19). However, striking this statement does not alter the Court's finding that Williams acted reasonably under the law:

> Upon reading *Simmons* and *Pray*, it would be unreasonable for Williams to continue the search; however, Williams could have reasonably interpreted those cases as allowing him to remain in the apartment in order to explain his actions to Ms. Thomas. Therefore Williams could have "reasonably interpreted the law to conclude that" his actions were justified, and qualified immunity as to his remaining in the apartment is appropriate.

*Id*. at 19-20. Therefore, although the Court will strike this statement, Plaintiffs' Motion for Reconsideration still fails.

(4) Plaintiff's affidavit stating that she did ask Williams to leave

Plaintiffs then ask that the Court admit Barbara Williams' affidavit, stating that she "instructed the officers to leave my home several times." (Document No. 125-1). However, this is not new evidence, and Plaintiffs' submission of it now is untimely. The Fifth Circuit has held

that "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)). *See also Saldivar*, 2014 WL 357313, at *1 ("To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) *new evidence not previously available*; 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice.") (emphasis added).

Relevant factors in considering whether to allow such evidence are as follows: "[1] the reasons for the moving party's default, [2] the importance of the omitted evidence to the moving party's case, [3] whether the evidence was available to the non-movant before she responded to the summary judgment motion, and [4] the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." *Lavespere*, 910 F.2d at 174 (5th Cir. 1990). Plaintiffs offer no reason for failing to submit this evidence previously, other than their attorney's "personal wrongdoing" (Document No. 130 at 4), and this evidence was clearly available before Plaintiffs responded to the motion for summary judgment. Furthermore, Williams will be forced to respond to this untimely evidence if it is admitted. Although the evidence may be important, these three factors demonstrate that it should not be admitted on reconsideration. *See ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847-8 (5th Cir. 2006) (It was not an abuse of discretion for the district court to refuse to consider "newly proffered evidence" when it was plainly available to plaintiffs before summary judgment.).

(5) Hearsay

Plaintiffs tried multiple times previously to exclude the statements of the confidential informant (the "C.I."), but were unsuccessful. (See Document No. 73, Motion to Exclude or

Strike Affidavit of Defendant Williams; Document No. 112, Motion to Exclude Defendant Williams' Summary Judgment Evidence; Document No. 123, Motion for Reconsideration). The Court has already denied each of those motions, and will not weigh this issue again. (See Document Nos. 96, 118, 139).

However, the Court will briefly explain again that this evidence was not cited for its truth. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Montes-Salas*, 669 F.3d 240, 251 (5th Cir. 2012) (citing Fed. R. Evid. 801(c)). The Court did not rely on the truthfulness of the C.I.'s statements, *i.e.* whether he or she actually bought drugs from Nash or whether he or she actually saw Nash enter apartment 5818. The statements of the C.I. were used to show the basis for obtaining the search warrant, not for their truth.

(6) Williams' intention

Plaintiffs appear to argue[3] here that Williams intentionally violated the Fourth Amendment's particularity requirement when he requested the warrant. (Document No. 130 at 6). However, the Court already explained that the warrant did not violate the particularity requirement, and was valid when issued. *Id*. at 15-16. Therefore this argument fails.

(7) The protective sweep

Plaintiffs take issue with the Court's finding that "[c]onsidering the brevity of the protective sweep, which took 30 to 45 seconds, it is unlikely that Williams could have come to a realization that he was in the wrong apartment, and aborted the sweep, before its completion." (Document No. 130 at 7) (citing Document No. 125 at 20-21). The Court should have stated more clearly its finding that Williams did not fully realize he was in the wrong apartment until after the completion of the sweep. Plaintiffs do not cite any new evidence which changes this

---

[3] The Court is not entirely sure what argument Plaintiffs are making here.

finding.

Most importantly, though, the Court noted that "there are no cases cited by Plaintiffs which would require Williams to abort a safety sweep upon realization that the officers were in the wrong apartment." *Id*. at 21. Therefore this right was not "clearly established at the time of the disputed action," and qualified immunity is appropriate. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

(8) *Fifty-Six Thousand, Seven Hundred Dollars in U.S. Currency v. State* and *Guzman v. State*

Plaintiffs argue that these cases are each distinguishable from the case at hand, and therefore request reconsideration. (Document No. 130 at 7-8). However, the distinguishing facts in those cases do not change the Court's determination that Williams "made an 'honest mistake' when entering the Plaintiffs' home," and therefore is entitled to qualified immunity. (Document No. 125 at 13) (citing *Hunt v. Tomplait*, 301 F. App'x 355, 359 (5th Cir. 2008)). This finding is discussed extensively in the original opinion, and is based on a variety of case law in addition to these two cases. (*See id*. at 13-15). This argument does not warrant reconsideration.

**Conclusion**

For the reasons stated above, the Court finds that Plaintiffs' Motion for Reconsideration (Document No. 130) is DENIED. However the Court also

ORDERS that the statement discussed in Section (3)[4] will be stricken from the Court's previous Order (Document No. 125).

---

[4] The stricken statement is: "Plaintiffs offer no evidence that either Ms. Thomas or her son asked Williams to leave." (Document No. 125 at 19).

SIGNED at Houston, Texas, this 18th day of October, 2016.

                                            MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE